CHIEF JUSTICE TURNAGE
concurring in part and dissenting in part:
I concur in the majority opinion affirming the conviction on Issues 1, 2 and 3.
I respectfully dissent from the majority of this Court’s decision on Issue 4, and I would affirm the conviction as to that issue.
As stated in the majority opinion, witnesses Lisa Berens’ and Joyce Panzer’s testimony was in the form of tape recordings, and the jury, after they had retired, requested that they be permitted to hear the testimony a second time.
*378 Notwithstanding that this Court in State v. Harris (1991), 247 Mont. 405, 808 P.2d 453, held that the District Court committed reversible error in that case when the jury was allowed to rehear the testimony of a child victim, I believe the Court should reconsider its decision in view of the provisions of § 46-16-503(2), MCA:
“After the jury has retired for deliberation, if there is any disagreement among the jurors as to the testimony or if the jurors desire to be informed on any point of law arising in the cause, they shall notify the officer appointed to keep them together, who shall then notify the court. The information requested may be given, in the discretion of the court, after consultation with the parties.” [Emphasis supplied.]
Although the record does not disclose the precise “disagreement” that prompted the jurors to make their request to rehear the tape recordings, no other conclusion can be reached other than there must have been uncertainty and, therefore, a practical disagreement as to what the testimony stated. Otherwise, they would have had no reason to make the request. The plain language of the statute provides that “the information requested may be given, in the discretion of the court.”
When the court follows the language of the statute, there certainly cannot be an abuse of discretion.
I further dissent from the Court’s finding of reversible error in Issue 5. Without approving all of the statements that were made by the South Dakota law enforcement officer concerning physical evidence that was not in the possession of the Montana authorities, I believe that, in view of the other overwhelming evidence against the defendant, such statements would be harmless error under the facts of this case.
With reference to the majority’s concern about defendant’s lack of sleep and his interrogation by the South Dakota authorities resulting in his admission of sexual contact with one of the victims occurring in the State of Washington, such circumstances, again in view of the overwhelming evidence against the defendant, would be harmless error. Mayes was aware of and capable of exercising his rights. Subsequent to his admission, he invoked his Fifth Amendment rights and asked for an attorney.
I believe that law enforcement officers should be extremely careful about information they provide a defendant and also about the circumstances surrounding extended interrogation of a suspect. The facts in this case, however, support the District Court’s refusal to suppress this evidence.
For these reasons, I would affirm the conviction of the defendant.